RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JAMES PETRILA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6648 (v)
202-307-0054 (f)
James.Petrila@usdoj.gov
Western.TaxCivil@usdoj.gov

MICHAEL BAILEY
United States Attorney
*Of Counsel*

*For the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) Case No. |
| v. | ) **Complaint to Reduce Federal Tax Assessments to Judgment** |
| Harold L. Maxwell, and Vickie L. Maxwell, | ) |
| Defendants. | ) |

Plaintiff, the United States of America ("United States"), brings this action to reduce to judgment federal tax assessments against Harold L. Maxwell and Vickie L. Maxwell (collectively "Defendants") for the tax years 2005, 2006, 2007, 2009, 2010, 2011, 2012, 2013 and 2014. In support of this action, the United States complains and alleges as follows:

**INTRODUCTION**

1. This is a timely civil action brought by the United States to reduce unpaid Federal tax assessments made against Defendants Harold L. Maxwell and Vickie L. Maxwell to judgment.

Complaint to Reduce Federal Tax Assessments to Judgment
(Case No.           )          1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C § 7401.

## DEFENDANTS

3. Defendant Harold L. Maxwell is a United States citizen who currently resides in Show Low, Arizona.

4. Defendant Vickie L. Maxwell is a United States citizen who currently resides in Show Low, Arizona.

5. The tax liabilities that form the basis of this suit are: (1) Defendants' joint income tax liabilities for tax years 2005-2006 and 2009-2014; (2) Defendant Harold L. Maxwell's individual Trust Fund Recovery Penalty tax liabilities for tax years 2012-2013; (3) Defendant Vickie L. Maxwell's individual Trust Fund Recovery Penalty tax liabilities for tax years 2012-2013; and (4) Defendant Vickie L. Maxwell's individual income tax liability for 2007.

## JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred upon this district court by 26 U.S.C. § 7402 and 28 U.S.C. §§ 1391 and 1396.

7. Venue properly lies in the District of Arizona under 28 U.S.C. §§ 1391 and 1396 because Defendants reside within the judicial district.

## FEDERAL TAX LIABILITIES AND LIENS

8. For the tax years 2005 and 2006, Defendants filed tax returns showing no income tax owed, but audits conducted by the IRS determined that Defendants owed income tax for both years.

9. Defendants' liabilities for the tax years 2009-2014 are based upon self-filed tax returns.

10. The IRS made timely assessments for unpaid federal income tax in the amounts and on the dates set forth below. The unpaid balances, together with interest and certain penalties, are as follows:

| Tax Period | Assessment Date | Assessment Amount | | Unpaid Balance as of November 5, 2019[1] |
|---|---|---|---|---|
| 2005 | 2/8/2010 | $9,338.00 | (Income Taxes) | $24,686.29 |
|  | 2/8/2010 | $2,101.05 | (Late Filing Penalty) |  |
|  | 2/8/2010 | $374.56 | (Estimated Tax Penalty) |  |
|  | 2/8/2010 | $3,026.22 | (Interest) |  |
|  | 2/8/2010 | $2,147.74 | (Failure to Pay Tax Penalty) |  |
|  | 8/16/2010 | $186.76 | (Failure to Pay Tax Penalty) |  |
|  | 11/10/2014 | $2,905.84 | (Interest) |  |
|  | 11/16/2015 | $621.72 | (Interest) |  |
|  | 11/14/2016 | $760.42 | (Interest) |  |
|  | 11/12/2018 | $1,926.37 | (Interest) |  |
| 2006 | 2/22/2010 | $78,499.00 | (Income Taxes) | $196,102.45 |
|  | 2/22/2010 | $17,662.28 | (Late Filing Penalty) |  |
|  | 2/22/2010 | $3,714.88 | (Estimated Tax Penalty) |  |
|  | 2/22/2010 | $17,275.50 | (Interest) |  |
|  | 2/22/2010 | $13,737.32 | (Failure to Pay Tax Penalty) |  |
|  | 8/16/2010 | $4,317.45 | (Failure to Pay Tax Penalty) |  |
|  | 8/15/2011 | $1,569.98 | (Failure to Pay Tax Penalty) |  |
|  | 11/10/2014 | $22,736.08 | (Interest) |  |
|  | 11/16/2015 | $4,938.75 | (Interest) |  |
|  | 11/14/2016 | $6,040.69 | (Interest) |  |
|  | 11/12/2018 | $15,302.59 | (Interest) |  |
| 2009 | 4/9/2018 | $5,729.00 | (Income Taxes) | $8,919.83 |
|  | 4/9/2018 | $996.52 | (Late Filing Penalty) |  |
|  | 4/9/2018 | $1,107.25 | (Failure to Pay Tax Penalty) |  |
|  | 4/9/2018 | $1,670.69 | (Interest) |  |
| 2010 | 7/7/2014 | $1,950.00 | (Income Taxes) | $551.70 |
|  | 7/7/2014 | $186.52 | (Late Filing Penalty) |  |
|  | 7/7/2014 | $153.36 | (Failure to Pay Tax Penalty) |  |
|  | 7/7/2014 | $104.23 | (Interest) |  |
|  | 11/16/2015 | $18.52 | (Interest) |  |
|  | 11/14/2016 | $17.01 | (Interest) |  |
|  | 11/12/2018 | $43.06 | (Interest) |  |
| 2011 | 6/9/2014 | $1,273.00 | (Income Taxes) | $390.35 |
|  | 6/9/2014 | $156.37 | (Late Filing Penalty) |  |
|  | 6/9/2014 | $86.88 | (Failure to Pay Tax Penalty) |  |
|  | 6/9/2014 | $54.79 | (Interest) |  |
|  | 6/9/2014 | $16.00 | (Fees and Collection Costs) |  |
|  | 11/16/2015 | $13.31 | (Interest) |  |
|  | 11/14/2016 | $12.02 | (Interest) |  |
|  | 11/12/2018 | $30.47 | (Interest) |  |

---

[1] The unpaid balance may reflect payments or other credits, as well as additional accrued interest and penalties.

| Tax Period | Assessment Date | Assessment Amount | | Unpaid Balance |
|---|---|---|---|---|
| 2012 | 6/9/2014<br>6/9/2014<br>6/9/2014<br>6/9/2014<br>6/9/2014<br>11/16/2015<br>11/14/2016<br>11/12/2018 | $2,181.00<br>$37.00<br>$465.75<br>$134.55<br>$76.15<br>$29.83<br>$25.95<br>$65.71 | (Income Taxes)<br>(Estimated Tax Penalty)<br>(Late Filing Penalty)<br>(Failure to Pay Tax Penalty)<br>(Interest)<br>(Interest)<br>(Interest)<br>(Interest) | $842.21 |
| 2013 | 1/8/2018<br>1/8/2018<br>1/8/2018<br>1/8/2018<br>1/8/2018<br>3/26/2018 | $5,113.00<br>$90.00<br>$1,125.67<br>$1,125.67<br>$849.10<br>$16.00 | (Income Taxes)<br>(Estimated Tax Penalty)<br>(Late Filing Penalty)<br>(Failure to Pay Tax Penalty)<br>(Interest)<br>(Fees and Collection Costs) | $9,142.95 |
| 2014 | 3/19/2018<br>3/19/2018<br>3/19/2018<br>3/19/2018<br>3/19/2018<br>8/6/2018 | $3,143.00<br>$54.00<br>$682.42<br>$545.94<br>$421.36<br>$16.00 | (Income Taxes)<br>(Estimated Tax Penalty)<br>(Late Filing Penalty)<br>(Failure to Pay Tax Penalty)<br>(Interest)<br>(Fees and Collection Costs) | $5,392.90 |

11. In addition, Defendants failed to file an income tax return in 2007. The IRS assessed the income taxes owed under Internal Revenue Code § 6020(b), and a corresponding notice of deficiency was issued to Defendant Vickie L. Maxwell. Defendant Vickie L. Maxwell did not dispute the notice of deficiency issued for 2007. The IRS made timely assessments for unpaid federal income tax in the amounts and on the dates set forth below. The unpaid balance, together with interest and certain penalties, are as follows:

| Tax Period | Assessment Date | Assessment Amount | | Unpaid Balance as of November 5, 2019[2] |
|---|---|---|---|---|
| 2007 | 2/8/2010<br>2/8/2010<br>2/8/2010<br>2/8/2010<br>2/8/2010<br>1/2/2012<br>12/30/2013<br>12/29/2014<br>1/18/2016<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $43,882.00<br>$9,873.45<br>$1,997.19<br>$4,876.97<br>$4,827.02<br>$6,143.48<br>$9,514.07<br>$2,463.31<br>$16.00<br>$5,735.24<br>$3,634.85<br>$4,477.29 | (Income Taxes)<br>(Late Filing Penalty)<br>(Estimated Tax Penalty)<br>(Interest)<br>(Failure to Pay Tax Penalty)<br>(Failure to Pay Tax Penalty)<br>(Interest)<br>(Interest)<br>(Fees and Collection Costs)<br>(Interest)<br>(Interest)<br>(Interest) | $102,355.02 |

---

[2] The unpaid balance may reflect payments or other credits, as well as additional accrued interest and penalties.

Complaint to Reduce Federal Tax Assessments to Judgment
(Case No.        )

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6648

12. In addition, Defendants operated a satellite and television installation business in Show Low, Arizona from 1999–2014. That business operated through a limited liability company, H L Maxwell & Family, LLC, and closed in 2014.

13. Defendants' business had employees in 2012 and 2013, but did not file the required Employer's Quarterly Federal Tax Return Form 941 in any quarter of 2012. Although Form 941s were filed in 2013, no federal tax deposits to account for Defendants' employees' income taxes, social security taxes, or Medicare taxes (collectively "payroll taxes") were made. As a result, the IRS conducted a trust fund recovery penalties ("TFRP") audit and assessed TFRPs against each Defendant individually for all four quarters of 2012 and 2013.

14. The IRS separately assessed Defendant Harold L. Maxwell TFRPs under Section 6672 of the Internal Revenue Code.

15. Defendant Harold L. Maxwell was both responsible for paying the payroll taxes, and willfully failed to pay those taxes.

16. Defendant Harold L. Maxwell demonstrated that he was both responsible for the failure to pay the taxes and willfully failed to pay them for the reasons that follow:

    A. Defendant Harold L. Maxwell was a signer for H L Maxwell & Family, LLC's bank account;

    B. He signed numerous checks on that account;

    C. The account shows Defendant Harold L. Maxwell's personal expenses being paid out of the account instead of tax liabilities; and

    D. Defendant Harold L. Maxwell knew of the unpaid payroll taxes.

Complaint to Reduce Federal Tax Assessments to Judgment (Case No.            )    5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

17. The IRS made timely assessments for unpaid federal income tax in the amounts and on the dates set forth below. The unpaid balances for the TFRP assessments, together with interest, assessed against Defendant Harold L. Maxwell individually are as follows:

| Tax Period | Assessment Date | Assessment Amount | Unpaid Balance as of November 5, 2019[3] |
|---|---|---|---|
| 2012 Q 1 | 7/6/2015<br>10/05/2015<br>11/14/2016<br>11/12/2018 | $7,214.56 (TFRP)<br>$16.00 (Fees and Collection Costs)<br>$320.00 (Interest)<br>$708.07 (Interest) | $8,716.82 |
| 2012 Q 2 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $7,416.88 (TFRP)<br>$356.95 (Interest)<br>$697.75 (Interest) | $8,941.58 |
| 2012 Q 3 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $25,887.96 (TFRP)<br>$1,245.91 (Interest)<br>$2,435.43 (Interest) | $31,209.81 |
| 2012 Q 4 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $5,732.63 (TFRP)<br>$275.89 (Interest)<br>$539.31 (Interest) | $6,911.11 |
| 2013 Q 1 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $5,156.10 (TFRP)<br>$248.15 (Interest)<br>$485.07 (Interest) | $6,216.07 |
| 2013 Q 2 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $5,081.63 (TFRP)<br>$244.56 (Interest)<br>$478.07 (Interest) | $6,126.27 |
| 2013 Q 3 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $6,672.04 (TFRP)<br>$321.11 (Interest)<br>$627.67 (Interest) | $8,043.62 |
| 2013 Q 4 | 7/6/2015<br>11/14/2016<br>11/12/2018 | $6,361.26 (TFRP)<br>$306.16 (Interest)<br>$598.43 (Interest) | $7,668.97 |

18. The IRS separately assessed Defendant Vickie L. Maxwell TFRPs under Section 6672 of the Internal Revenue Code.

19. Defendant Vickie L. Maxwell was both responsible for paying the payroll taxes, and willfully failed to pay those taxes.

---

[3] The unpaid balance may reflect payments or other credits, as well as additional accrued interest and penalties.

Complaint to Reduce Federal Tax Assessments to Judgment
(Case No.           )                    6                    U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

20. Defendant Vickie L. Maxwell demonstrated that she was both responsible for the failure to pay the taxes and willfully failed to pay them for the reasons that follow:

    A.    Defendant Vickie L. Maxwell was a signer on H L Maxwell & Family, LLC's bank account;

    B.    Defendant Vickie L. Maxwell was a member/manager of H L Maxwell & Family, LLC; and

    C.    Defendant Vickie L. Maxwell knew of the unpaid payroll taxes.

21. The IRS made timely assessments for unpaid federal income tax in the amounts and on the dates set forth below. The unpaid balances for the TFRP assessments, together with interest, assessed against Defendant Vickie L. Maxwell individually are as follows:

| Tax Period | Assessment Date | Assessment Amount | Unpaid Balance as of November 5, 2019[4] |
|---|---|---|---|
| 2012 Q 1 | 7/6/2015<br>11/23/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $7,214.56 (TFRP)<br>$16.00 (Fees and Collection Costs)<br>$344.76 (Interest)<br>$341.63 (Interest)<br>$381.30 (Interest) | $8,716.82 |
| 2012 Q 2 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $7,416.88 (TFRP)<br>$386.74 (Interest)<br>$317.53 (Interest)<br>$391.14 (Interest) | $8,941.58 |
| 2012 Q 3 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $25,887.96 (TFRP)<br>$1,349.89 (Interest)<br>$1,108.33 (Interest)<br>$1,365.22 (Interest) | $31,209.81 |
| 2012 Q 4 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $5,732.63 (TFRP)<br>$298.91 (Interest)<br>$245.44 (Interest)<br>$302.32 (Interest) | $6,911.11 |
| 2013 Q 1 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $5,156.10 (TFRP)<br>$268.86 (Interest)<br>$220.75 (Interest)<br>$271.92 (Interest) | $6,216.07 |

---

[4] The unpaid balance may reflect payments or other credits, as well as additional accrued interest and penalties.

| | | | | |
|---|---|---|---|---|
| 2013 Q 2 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $5,081.63<br>$264.97<br>$217.56<br>$267.99 | (TFRP)<br>(Interest)<br>(Interest)<br>(Interest) | $6,126.27 |
| 2013 Q 3 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $6,672.04<br>$347.91<br>$285.64<br>$351.85 | (TFRP)<br>(Interest)<br>(Interest)<br>(Interest) | $8,043.62 |
| 2013 Q 4 | 7/6/2015<br>12/19/2016<br>12/18/2017<br>12/17/2018 | $6,361.26<br>$331.71<br>$272.34<br>$335.46 | (TFRP)<br>(Interest)<br>(Interest)<br>(Interest) | $7,668.97 |

22. A delegate of the Secretary of the Treasury gave Defendants timely notice of the amounts of the unpaid tax detailed in paragraphs 10-11, 17 and 21 and timely demanded payment thereof, pursuant to 26 U.S.C. § 6303 (notice and demand for tax).

23. Despite notice and demand for payment, Defendants have failed to pay the tax assessments against them detailed in paragraphs 10-11, 17 and 21.

24. As of November 5, 2019, there remains due and owing to the United States on those assessments the total sum of $516,052.20, plus statutory interest and other statutory additions that continue to accrue by law. The United States therefore seeks a judgment against Defendants for the outstanding liabilities.

## CLAIM FOR RELIEF

### COUNT 1: REDUCE TO JUDGMENT FEDERAL INCOME TAX ASSESSMENTS AGAINST HAROLD L. MAXWELL AND VICKIE L. MAXWELL FOR TAX YEARS 2005-2006 AND 2009-2014

25. The United States incorporates the allegations in paragraphs 1-24.

26. The IRS timely assessed federal taxes, interest, and penalties against Defendants for tax years 2005-2006 and 2009-2014 as described in paragraphs 8-10.

27. Despite notice and demand for payment of the assessments described in paragraph 10, Defendants have failed to make full payment to the United States. As of November 5, 2019, there remains due and owing to the United States on those assessments the total sum of $246,028.68, plus statutory interest and other statutory additions that continue to accrue by law.

28. Under 26 U.S.C. § 7402(a) the United States is entitled to judgment against Defendants for the unpaid balance of the assessments described in paragraph 10 plus interest and other statutory additions accruing to the date of payment.

### COUNT 2: REDUCE TO JUDGMENT FEDERAL INCOME TAX ASSESSMENTS AGAINST VICKIE L. MAXWELL FOR TAX YEAR 2007

29. The United States incorporates the allegations in paragraphs 1-24.

30. The IRS timely assessed federal taxes, interest, and penalties against Defendant Vickie L. Maxwell for tax year 2007 as described in paragraph 11.

31. Despite notice and demand for payment of the assessments described in paragraph 11, Defendant Vickie L. Maxwell has failed to make full payment to the United States.  As of November 5, 2019, there remains due and owing to the United States on those assessments the total sum of $102,355.02, plus statutory interest and other statutory additions that continue to accrue by law.

32. Under 26 U.S.C. § 7402(a) the United States is entitled to judgment against Defendant Vickie L. Maxwell for the unpaid balance of the assessments described in paragraph 11 plus interest and other statutory additions accruing to the date of payment.

### COUNT 3: REDUCE TO JUDGMENT TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST HAROLD L. MAXWELL FOR TAX YEARS 2012-2013

33. The United States incorporates the allegations in paragraphs 1-24.

34. The IRS timely assessed TFRPs, interest, and penalties against Defendant Harold L. Maxwell for tax years 2012-2013 as described in paragraphs 12-17.

35. Despite notice and demand for payment of the assessments described in paragraph 17, Defendant Harold L. Maxwell has failed to make full payment to the United States.  As of November 5, 2019, there remains due and owing to the United States on those assessments the total sum of $83,834.25, plus statutory interest and other statutory additions that continue to accrue by law.

36. Under 26 U.S.C. § 7402(a) the United States is entitled to judgment against Defendant Harold L. Maxwell for the unpaid balance of the assessments described in paragraph 17 plus interest and other statutory additions accruing to the date of payment.

### COUNT 4: REDUCE TO JUDGMENT TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST VICKIE L. MAXWELL FOR TAX YEARS 2012-2013

37. The United States incorporates the allegations in paragraphs 1-24.

38. The IRS timely assessed TFRPs, interest, and penalties against Defendant Vickie L. Maxwell for tax years 2012-2013 as described in paragraphs 12-13 and 18-21.

39. Despite notice and demand for payment of the assessments described in paragraph 21, Defendant Vickie L. Maxwell has failed to make full payment to the United States.  As of November 5, 2019, there remains due and owing to the United States on those assessments the total sum of $83,834.25, plus statutory interest and other statutory additions that continue to accrue by law.

40. Under 26 U.S.C. § 7402(a) the United States is entitled to judgment against Defendant Vickie L. Maxwell for the unpaid balance of the assessments described in paragraph 21 plus interest and other statutory additions accruing to the date of payment.

**WHEREFORE**, the United States requests that the Court:

    A. Enter judgment in favor of the United States of America and against Harold L. Maxwell and Vickie L. Maxwell jointly for unpaid federal income tax liabilities for the 2005, 2006, 2009, 2010, 2011, 2012, 2013 and 2014 tax years, in the amount of $246,028.68 as of November 5, 2019, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from November 5, 2019 until judgment is paid, less any applicable credits and payments.

B. Enter judgment in favor of the United States of America and against Vickie L. Maxwell individually for unpaid federal income tax liabilities for the 2007 tax year, in the amount of $102,355.02 as of November 5, 2019, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from November 5, 2019 until judgment is paid, less any applicable credits and payments.

C. Enter judgment in favor of the United States of America and against Harold L. Maxwell individually for unpaid Trust Fund Recovery Penalties for the first, second, third and fourth quarters of both 2012 and 2013, in the amount of $83,834.25 as of November 5, 2019, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from November 5, 2019 until judgment is paid, less any applicable credits and payments.

D. Enter judgment in favor of the United States of America and against Vickie L. Maxwell individually for unpaid Trust Fund Recovery Penalties for the first, second, third and fourth quarters of both 2012 and 2013, in the amount of $83,834.25 as of November 5, 2019, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from November 5, 2019 until judgment is paid, less any applicable credits and payments.

E. Award the United States of America its costs, and such other further relief as the Court deems just and proper.

//

DATED this 15th day of November, 2019.

                                  Respectfully submitted,

                                  RICHARD E. ZUCKERMAN
                                  Principal Deputy Assistant Attorney General

                                  */s/ James Petrila*
                                  JAMES PETRILA
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  P.O. Box 683
                                  Washington, D.C.  20044

                                  MICHAEL BAILEY
                                  United States Attorney
                                  *Of Counsel*

Complaint to Reduce Federal Tax Assessments to Judgment (Case No.            )   12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6648

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff**(s): **United States of America** | **Defendant**(s): **Harold L. Maxwell ; Vickie L. Maxwell** |
| County of Residence: Outside the State of Arizona | County of Residence: Navajo |
| County Where Claim For Relief Arose: Navajo | |
| Plaintiff's Atty(s): | Defendant's Atty(s): |
| **James Petrila**<br>**Department of Justice**<br>**555 4th St. NW**<br>**Washington, DC  20001**<br>**2023076648** | |

| | |
|---|---|
| II. Basis of Jurisdiction: | **1. U.S. Government Plaintiff** |
| III. Citizenship of Principal Parties (Diversity Cases Only) | |
| Plaintiff:- | **N/A** |
| Defendant:- | **1 Citizen of This State** |
| IV. Origin : | **1. Original Proceeding** |
| V. Nature of Suit: | **870 Taxes US Plaintiff or Defendant** |
| VI. Cause of Action: | **Under 26 U.S.C. § 7402(a) the United States is entitled to judgment against Defendants for the unpaid balance of various tax assessments as described in the Complaint.** |
| VII. Requested in Complaint | |
| Class Action: | **No** |
| Dollar Demand: | **$516,052.20** |
| Jury Demand: | **No** |
| VIII. This case **is not related** to another case. | |

**Signature:** <u>James Petrila</u>

**Date:** <u>11/15/2019</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

**Revised: 01/2014**