**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America., | No. CV-19-8330-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Harold L. Maxwell, et al., | |
| Defendants. | |

Pending before the Court is the United States' motion for default judgment against Harold Maxwell and Vickie Maxwell (collectively, "Defendants"). (Doc. 12.) The United States seeks to reduce to judgment federal tax assessments against Defendants for the tax years 2005-2007 and 2009-2014. (Doc. 1.) For the following reasons, the United States' motion will be granted.

## BACKGROUND

The following facts are based on the United States' complaint (Doc. 1) and the exhibits attached to the United States' motion for default judgment (Doc. 12).

This action involves four tax assessments against Defendants, which they failed to pay after timely notice by the IRS. (Doc. 1 ¶¶ 22-24.) First, there is a joint assessment against Defendants for unpaid federal income taxes, penalties, interest, and other statutory additions for the 2005, 2006, 2009, 2010, 2011, 2012, 2013, and 2014 tax years. (*Id.* ¶¶ 8-10.) Second, there is an assessment against Mrs. Maxwell for unpaid federal income taxes, penalties, interest, and other statutory additions for the 2007 tax year. (*Id.* ¶ 11.) Third, there is an assessment against Mr. Maxwell for unpaid payroll taxes, plus penalties and interest, for the 2012 and 2013 tax years. (*Id.* ¶¶ 12-17.) Fourth, there is an assessment

against Mrs. Maxwell for unpaid payroll taxes, plus penalties and interest, for the 2012 and 2013 tax years.  (*Id.* ¶¶ 12-13, 18-21.)  All told, the outstanding sum owed by Defendants is $516,052.20.  (*Id.* ¶ 24.)

On November 15, 2019, the United States filed a four-count complaint seeking a judgment based on the four outstanding tax assessments.  (Doc. 1.)

On November 18, 2019, the United States timely served both Defendants.  (Docs. 7, 8.)

On December 12, 2019, after Defendants failed to answer or otherwise respond to the complaint, the Clerk of Court entered a default.  (Doc. 11.)

On December 23, 2019, the United States moved for default judgment.  (Doc. 12.) Defendants have not responded to the motion.

**ANALYSIS**

I.     Default Judgment Standard

The "decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The following factors, known as the *Eitel* factors, may be considered when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"[T]he general rule" for default judgment purposes "is that well-pled allegations in the complaint regarding liability are deemed true."  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  "The district court is not required to make detailed findings of fact."  *Id.*  "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

II.    The First, Fifth, Sixth, And Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at

all, the first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, 2020 WL 1495210, *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment.  Prejudice to the United States is obvious—if the motion for default judgment were denied, the United States would be without other recourse for recovery.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth and sixth factors weigh in favor of default judgment or are neutral.  Due to Defendants' failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect.

The seventh factor generally weighs against default judgment, given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b) of the Federal Rules of Civil Procedure, which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.  Put simply, "the default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt.  Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court."  2 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 55, at 119-20 (2020).

III.   The Fourth *Eitel* Factor—The Amount Of Money At Stake

The fourth factor—the amount of money at stake—weighs against issuing a default judgment.  The United States seeks $516,052.20, which is a substantial sum.  *Bd. of Trustees v. Core Concrete Const., Inc.*, 2012 WL 380304, *4 (N.D. Cal. 2012) ("When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged.").  Nevertheless, this sum was amassed over the course of decade by two individuals who not only failed to satisfy their personal tax obligations, but also failed to remit the payroll taxes owed by their satellite and television installation business.  Although the amount sought is substantial, it is not unreasonable, and the circumstances mitigate the degree to which the fourth factor weighs against issuing a default judgment.

IV.     The Second And Third *Eitel* Factors—Merits And Sufficiency

That leaves the second and third *Eitel* factors—the merits of the claims and the sufficiency of the complaint.  "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).  "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Id.*

Here, both factors weigh in favor of granting a default judgment.  "In an action to collect tax, the government bears the initial burden of proof.  The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due.  Normally, introduction of the assessment establishes a prima facie case." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (internal citations omitted).  Here, the United States met its burden by pleading the existence of the assessments in its complaint and then submitting evidence concerning the assessments in support of its default judgment motion.  Similarly, the complaint alleges that notices and demands for payment were properly sent to Defendants and the United States has corroborated those allegations through the evidence attached to its motion.

V.      Balancing The Factors

Having considered all the *Eitel* factors, the Court concludes that default judgment is appropriate.

Accordingly,

**IT IS ORDERED** that the United States' motion for default judgment (Doc. 12) is **granted**.  A separate judgment will issue, after which the Clerk of Court shall terminate this action.

Dated this 11th day of May, 2020.

Dominic W. Lanza
United States District Judge